700 So.2d 541 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Johnny GRISSOM, Defendant-Appellant.
No. 29718-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
Richard J. Gallot, Jr., Ruston, for Defendant-Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, District Attorney, Penny Wise-Douciere, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, C.J., and NORRIS and CARAWAY, JJ.
MARVIN, Chief Judge.
The maximum sentence to 15 years at hard labor is not excessive for Johnny Grissom, a 27-year-old stepfather, who, after pleading guilty as charged to molestation of a juvenile in return for the state's agreement not to charge him as a repeat offender, and who,
 on June 29, 1996, supplied his 14- and 12-year-old stepdaughters with alcohol and fondled and licked the breasts of the younger one when she became intoxicated;
 then fought with the two young men who witnessed the matter before abandoning his victim and departing in his vehicle;
 and who was a third-felony offender on probation on June 26, 1996, having been convicted of DWI and forgery as well as convictions in 1993-1995 arising out of his sexual conduct with young women on other occasions whom he had given liquor [contributing to the delinquency of a minor, reduced from carnal knowledge, and sexual battery].
A maximum sentence is appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
The trial court considered a PSI report which contained information required for compliance with La.C.Cr.P. art. 894.1. Grissom deliberately gave his stepdaughters alcohol and used his paternal position to facilitate the crime. By his plea bargain, he avoided his exposure to an enhanced sentence.
*542 The sentence does not shock our sense of justice and is not needless or purposeless.

DECREE
The sentence is not constitutionally excessive and is AFFIRMED.