PEATROSS, J.
 

 11Defendant, James Edward Hanson, III, pled guilty to two separate charges of obscenity as a first offender pursuant to a plea bargain agreement. For each conviction, Defendant was sentenced to serve three years’ imprisonment at hard labor, without benefit of probation, parole or suspension of sentence, with the sentences to be served concurrently. Defendant was also ordered to register as a sex offender and to pay a fine of $2,500 for each conviction, or in default, to serve an additional six months in the parish jail. Additionally, the trial judge ordered that any further charges against Defendant brought in Bossier and Webster Parishes be assigned to his own docket,
 
 ie.,
 
 Division “D.” Defendant now appeals. For the reasons stated herein, the convictions of Defendant are affirmed and his sentences are affirmed as amended herein.
 

 FACTS
 

 By bill of information, Defendant was charged with the crime of obscenity, in violation of La. R.S. 14:106, for masturbating in a public place,
 
 ie.,
 
 Pierre Bossier Mall in Bossier Parish, on or about August 29, 2007. Defendant was charged by a separate bill of information with the crime of obscenity for masturbating in a public place,
 
 ie.,
 
 Kroger in Bossier Parish, on or about September 15, 2007. Pursuant to a plea bargain agreement, Defendant pled guilty as a first offender to both offenses of obscenity, with the agreement that the sentences would be served concurrently. A presentence investigation (PSI) report was ordered. The trial court advised Defendant of his rights pursuant to
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court made li>a diligent effort to determine Defendant’s competence, literacy and understanding. After doing so, the trial court accepted Defendant’s guilty pleas as free and voluntarily.
 

 At the sentencing hearing, the trial court gave detailed reasons for sentencing, which were highly critical of Defendant and the despicable nature of his crimes. After reviewing the information contained in the PSI report, the trial court determined that Defendant was the “worst” of the criminals who appeared before it that day and that he deserved a much greater sentence than allowed by law for his crimes. The trial court noted Defendant’s criminal history, including two prior obscenity convictions, as well as his fourth felony offender status. The trial court also observed that Defendant had benefit
 
 *1010
 
 ed greatly from the plea bargain agreement obtained for him by his defense counsel.
 

 Noting Defendant’s apparent disregard for his own two children, the trial court chastised Defendant’s wife for not leaving Defendant and for not preventing him from seeing his children until after he had undergone years of sex offender training. The trial court also indicated that Defendant lacked consideration for the children of others, noting that Defendant had victimized a mother and daughter as they walked across a parking lot during one of the incidents in the instant case. The sentencing guidelines set forth in La. C. Cr. P. art. 894.1 were considered and set forth for the record.
 

 In addition to ordering the concurrent three-year sentences set forth in the plea bargain agreement, registration as a sex offender and payment of a $2,500 fíne for each conviction, or alternatively, to serve an additional |3six months in the parish jail, the trial court further ordered that Defendant undergo intensive sex offender treatment through the Department of Corrections. Additionally, the trial judge ordered that any further charges against Defendant brought in Bossier and Webster Parishes be assigned to his own docket,
 
 i.e.,
 
 Division “D.” The trial court then informed Defendant of the possible penalties for future offenses, including physical or chemical castration and life imprisonment for a third offense.
 

 Defendant timely filed a motion to reconsider, wherein he alleged that his sentences were illegal and listed the following mitigating factors which the trial court failed to take into consideration: (1) Defendant would respond favorably to probationary treatment, (2) incarceration would place a hardship on Defendant’s family, (3) Defendant desired to participate in rehabilitative programs, (4) Defendant’s age and (5) the good Defendant could provide to society. The trial court denied Defendant’s motion to reconsider without a hearing. This appeal ensued.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The sentence exceeds the bounds provided for by law and the imposition of a maximum sentence was unconstitutionally excessive, as Mr. Hanson is not the worst of offenders.
 

 Citing applicable law and recapping the trial court’s reasons for sentencing, Defendant argues that his sentences are unduly harsh and excessive. Defendant notes the impropriety of the trial court’s statements to Defendant’s wife and points out that he has never been convicted of obscenity offenses involving children. Defendant further argues that, despite the rules regarding random allotment of criminal cases, the trial | Judge improperly ordered the Clerk of Court to assign all future cases involving Defendant to his own docket. According to Defendant, the trial judge’s harsh comments indicate that he was not a “dispassionate, neutral magistrate.” Finally, Defendant complains that, although the trial judge ordered him to undergo treatment while incarcerated, he “still seemed unable to deal with [his propensity to commit crimes of obscenity] as an illness.”
 

 The State argues that Defendant’s significant criminal history, including his status as a fourth felony offender, justified the fines and maximum sentences of three years of imprisonment at hard labor. The State points out that Defendant gained a significant benefit from the plea bargain agreement wherein he received concurrent sentences. Finally, the State contends that the trial court complied with La. C. Cr. P. art. 894.1 by carefully considering Defendant’s background and the specific circumstances of his case. In conclusion,
 
 *1011
 
 the State asserts that the sentences imposed are not excessive.
 

 The penalty for the crime of obscenity applicable to the instant case is set forth in La. R.S. 14:106 G(l), which provides:
 

 * * *
 

 On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial | .judge is not required to list every aggravating or mitigating factor so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,-855 (La.App. 2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297.
 

 The goal of La. C. Cr. P. art. 894.1 is the articulation of the factual basis for a sentence, not the rigid or mechanical compliance with its pro-visions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App. 2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s prior criminal record, the seriousness of the offense, the likelihood of rehabilitation and his personal history, including his age, family ties, marital status, health and employment record.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App. 2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);6
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the-sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (LaApp. 2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
 

 As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses.
 
 State v. Cozzetto,
 
 07-2031 (La.2/15/08), 974 So.2d 665;
 
 State v. McKinney,
 
 43,061 (La.App. 2d Cir.2/13/08), 976 So.2d 802;
 
 State v. Woods,
 
 41,420 (La.App. 2d Cir.11/1/06), 942 So.2d 658,
 
 writs denied,
 
 06-2768 (La.6/22/07), 959 So.2d 494; 06-2781 (La.6/22/07), 959 So.2d 494;
 
 State v. Grissom,
 
 29,718 (La.App. 2d Cir.8/20/97), 700 So.2d 541. In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, however, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense.
 
 State v. Black,
 
 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667,
 
 unit denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. This is particularly true in
 
 *1012
 
 cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim.
 
 Id.
 

 In the case
 
 sub judice,
 
 the record, including the confidential information contained in the PSI report regarding Defendant’s criminal |7history and the facts and circumstances surrounding the instant crimes, clearly supports the trial court’s imposition of the maximum sentences. The trial court properly acted within its discretion in assessing Defendant as a “worst offender” and his crimes of obscenity as the “worst offenses.”
 
 See State v. Cozzetto, supra; State v. McKinney, supra; State v. Woods, supra; State v. Grissom, supra.
 
 Defendant’s arguments regarding the excessiveness of the sentences imposed by the trial court are, therefore, without merit.
 

 Defendant also argues that the trial court erred in imposing both imprisonment and fines. We disagree. La. R.S. 14:106 G(l) clearly provides for a fine of not less than $1,000, nor more than $2,500, or in default, imprisonment with or without hard labor, for not less than six months, nor more than three years, or both. Thus, Defendant’s argument that the trial court erred in imposing both imprisonment and fines is without merit.
 

 We find merit, however, in Defendant’s argument that the trial court erred in imposing his sentences without the benefit of probation, parole or suspension of sentence. La. R.S. 14:106 G(l) does not deny Defendant these benefits, nor was Defendant charged as a habitual offender.
 

 La. R.S. 14:106 G(4) provides in pertinent part:
 

 [[Image here]]
 

 When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or in the presence of an unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars and shall be imprisoned, with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation, or suspension of sentence.
 

 | ¡¿Defendant was neither charged with nor informed that he could receive a harsher penalty if the victim was a juvenile. Furthermore, the record, specifically the PSI, confirms that none of the victims in the instant case were juveniles.
 
 [1]
 
 Defendant’s sentence, therefore, may not be imposed with the stipulation that it be without the benefit of parole, probation or suspension of sentence.
 
 See State v. Allo,
 
 510 So.2d 14 (La.App. 5th Cir.1987),
 
 writ denied,
 
 514 So.2d 1174 (La.1987). Accordingly, the portion of Defendant’s sentence denying him the benefit of parole, probation or suspension of sentence must be vacated.
 

 Further, Defendant argues that the trial court erred in ordering him to register for life as a sex offender under La. R.S. 15:541,
 
 et seq.,
 
 because the statute does not require the registration of defendants convicted of violations of La. R.S. 14:106,
 
 ie.,
 
 obscenity. Referencing the trial court’s remarks at sentencing, the State counters that Defendant committed a crime of obscenity against a juvenile and contends that lifetime registration is applicable. We disagree. The information contained in the PSI confirms that no victims in the instant case were juveniles. The portion of Defendant’s sentence requiring him to register as a sex offender must also be vacated.
 

 
 *1013
 
 Finally, Defendant argues that the trial judge violated the rule of random case assignment when he ordered the Clerk of Court to assign all future cases involving Defendant to his own docket. We agree.
 

 19An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.
 
 See
 
 La. C. Cr. P. art. 841;
 
 State v. Smith,
 
 39,698 (La.App. 2d Cir.6/29/05), 907 So.2d 192;
 
 State v. Bosley,
 
 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347,
 
 writ denied,
 
 97-1203 (La.10/17/97), 701 So.2d 1333. There is no contemporaneous objection contained in the record pertaining to the trial court’s order that any further charges against Defendant brought in Bossier and Webster Parishes be assigned to the trial judge’s own docket. La. C. Cr. P. art. 920(2), however, contains an exception to the contemporaneous objection rule which provides that an error patent,
 
 i.e.,
 
 “[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence,” shall be considered on appeal.
 
 State v. Paben,
 
 43,-415 (La.App. 2d Cir.8/13/08), 990 So.2d 123.
 

 La. C.C.P. art. 253.1 states:
 

 All pleadings filed shall be randomly assigned to a particular section or division of the court by either of the following methods:
 

 (1) By drawing indiscriminately from a pool containing designations of all sections or divisions of court in the particular jurisdiction in which the ease is filed.
 

 (2) By use of a properly programmed electronic device or computer programmed to randomly assign cases to any one of the sections or divisions of court in the particular jurisdiction in which the case is filed.
 

 In
 
 State v. Sprint Communications Co., L.P.,
 
 96-3094 (La.9/9/97), 699 So.2d 1058, the Louisiana Supreme Court stated the following with respect to non-random case assignment by district court judges:
 

 [ HIJust as a litigant may not choose a courtroom or a judge, a judge may not select his caseload or his litigants. This statute was enacted to facilitate meaningful random assignment.
 

 [[Image here]]
 

 We hold the 18th Judicial District Court’s system of transferring cases to other divisions of the same court on a non-random basis is improper and viola-tive of La.Code Civ. Proc. Art. 253.1, Local Rule 9 of the 18th Judicial District Court and public policy.
 

 The trial judge’s order to the Clerk of Court to assign all future cases involving Defendant to his own docket was improper, violative of La. C.C.P. art. 253.1 and against public policy.
 
 See
 
 La. C.C.P. art. 253.1;
 
 State v. Sprint Communications Co., L.P., supra.
 
 Accordingly, the portion of Defendant’s sentence specifying that any further charges against Defendant brought in Bossier and Webster Parishes be assigned to the trial judge’s own docket,
 
 i.e.,
 
 Division “D,” must be vacated.
 

 CONCLUSION
 

 For the foregoing reasons, the convictions of Defendant, James Edward Hanson, III, are affirmed. The portions of Defendant’s sentences denying him benefits, requiring registration as a sex offender, ordering jail time in lieu of payment of fines and specifying that any further charges against Defendant brought in Bossier and Webster Parishes be assigned to the trial judge’s own docket,
 
 i.e.,
 
 Division “D,” are vacated. In all other respects, the sentences of Defendant are affirmed.
 

 
 *1014
 
 CONVICTIONS AFFIRMED AND SENTENCES AFFIRMED AS AMENDED.
 

 [1]
 

 . The PSI indicates that the “daughter” involved in the incident which took place at Pierre Bossier Mall in Bossier Parish was 19 years of age.