GASKINS, J.
 

 _JjThe defendant, Rodney L. Sims, was charged with simple burglary. Pursuant to a plea agreement, the defendant pled guilty as charged; the state agreed to dismiss a pending charge and to refrain from filing a habitual offender bill against the defendant. The trial court sentenced the defendant to 12 years at hard labor with credit for time served. The defendant appealed, claiming that his sentence was excessive. We affirm the defendant’s conviction and sentence.
 

 FACTS
 

 In August 2008, the vehicle of a physician who worked at St. Francis Hospital in Monroe was broken into while parked in the hospital parking garage. A window was smashed to gain entry into the vehicle, and a digital camera valued at about $100 was taken from the console between the seats.
 

 Approximately 11 other auto burglaries occurred in the same parking garage at about this time. The police developed the defendant as a suspect in the instant crime. He had previously been convicted of similar offenses with the same
 
 modus operandi
 
 (breaking a vehicle window to steal items from inside and then discarding unwanted items in the garage stairwell). A witness to the offense identified him from a photo lineup.
 

 In early September 2008, the police encountered the defendant behind an auto parts store at 3:30 in the morning. A pat-down search of his person for officer safety revealed that the defendant was carrying a pocketknife, a screwdriver, latex gloves, a crack cocaine pipe, and three white pills (Lortabs) for which he had no prescription.
 

 |2In addition to simple burglary of the doctor’s car, the defendant was also charged with possession of a legend drug without a prescription and possession of drug paraphernalia for the items found on him during the search behind the auto parts store. Following a preliminary examination in January 2009, the trial court found probable cause for all three charges.
 

 In March 2009, following a hearing, the trial court denied the defendant’s motion to suppress the photo lineup identification. In April 2009, a
 
 Prieur
 
 hearing was held. The evidence presented at this hearing revealed that the defendant had committed a series of similar auto burglaries at the St. Francis Hospital parking garage in 2002. In each of these burglaries, a back
 
 *1279
 
 window was broken, generally small items were taken, and items of no use were discarded in the parking garage stairwell or in the garage trash cans.
 
 [1]
 
 Following his arrest in 2002, he admitted to the police that he committed the offenses to support his crack addiction. The defendant had pled guilty to two ear burglaries and was sentenced to prison. He was released on parole in April 2007. The trial court granted the state’s request that it be allowed to present evidence of these offenses at the defendant’s trial for the instant crime.
 

 In August 2009, the defendant pled guilty pursuant to a plea agreement. In exchange for the state dismissing the drug charge and declining to file a habitual offender bill, the defendant pled guilty to the | .-¡charge of simple burglary with the trial court ordering a presentence investigation (PSI) report.
 

 The defendant was sentenced in October 2009. The trial court imposed the maximum sentence of 12 years at hard labor, with credit for time served, to be served consecutively to any other sentence. The trial court recommended the defendant for substance abuse treatment while incarcerated. A motion to reconsider filed by trial counsel was denied by the trial court, as was a
 
 pro se
 
 motion to reconsider.
 

 The defendant appealed his sentence as excessive.
 

 LAW
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ, denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and theRlikelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La. 1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d
 
 *1280
 
 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, 16whi
 
 denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses.
 
 State v. Cozzetto,
 
 2007-2031 (La.2/15/08), 974 So.2d 665;
 
 State v. McKinney,
 
 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802;
 
 State v. Woods,
 
 41,420 (La.App.2d Cir.11/1/06), 942 So.2d 658,
 
 writs denied,
 
 2006-2768, 2006-2781(La.6/22/07), 959 So.2d 494;
 
 State v. Grissom,
 
 29,718 (La. App.2d Cir.8/20/97), 700 So.2d 541.
 

 DISCUSSION
 

 The defendant argues that his sentence is excessive, considering the value of the property taken from the vehicle and the fact that no one was physically harmed during the incident. The defendant also argues that he has a serious problem with drugs and alcohol for which he needs treatment, not a lengthy incarceration. The state argues that, in view of the facts and circumstances of this case, the sentence imposed is appropriate for this offender.
 

 In imposing sentence, the trial court noted the defendant’s social history, which included his employment history and the fact that he had a 15-year-old daughter. The court also considered the defendant’s drug ^addiction; the record indicates that the defendant stole to support his addiction to crack cocaine. The defendant requested that the trial court recommend him for drug treatment. The trial court declined to view the defendant’s drug addiction as a mitigating factor because of his actions in walking out of the SOAR drug program when he was given the opportunity for treatment. However, in the hope that the defendant will be able to break the cycle of addiction and crime, the trial court recommended the defendant for inpatient treatment during his incarceration.
 

 Another factor taken into consideration by the trial court was the victim’s impact statement. The victim indicated that she was aware that the defendant was a repeat offender and stated that she believed he should be given the maximum sentence. The victim also indicated that the entire situation caused immeasurable inconvenience and caused her to feel vulnerable and exposed after the crime.
 

 Of greatest importance to the trial court was the 34-year-old defendant’s extensive criminal history, which was outlined in the PSI report. In 2000 and 2001, the defendant received probation for two separate charges of stolen property in Michigan. In 2003, he was given concurrent, suspended sentences of six years at hard labor with five years of supervised probation for
 
 *1281
 
 two counts of simple burglary in Louisiana. He was released from jail to attend a substance abuse program at SOAR; however, he left prior to completion of the program and then failed to report to the Office of Parole and Probation. A few days after leaving SOAR, he was arrested again on a charge of illegal possession of stolen things. His probation was 17revoked in December 2003. In 2005, he pled guilty to simple escape, for which he received a two-month sentence consecutive to the time he was already serving. The defendant was then released on parole in April 2007; his parole was revoked in August 2007. A May 2007 arrest for simple burglary resulted in a sentence of two and a half years at hard labor to be served concurrently and with credit for time served. The defendant was released on parole again in June 2008, less than two months before the burglary at issue in this case. After he was arrested for the instant offense, his parole was revoked again in September 2008.
 
 [2]
 
 He also had some arrests for crimes such as attempted aggravated second degree battery, which were dismissed.
 
 [3]
 

 The trial judge reviewed the factors articulated in La. C. Cr. P. art. 894.1, noting that while the defendant’s conduct may not have caused or threatened serious bodily harm to the victim, it did cause emotional harm. The judge found that the defendant was not acting under strong provocation and there were no grounds tending to excuse or justify the defendant’s criminal conduct. It was also noted that the defendant would not be able to compensate the victim for the damage or injuries sustained. The trial judge informed the defendant that his criminal history and habitual offender status weighed heavily against him. The court found that it was likely that the | sdefendant would commit another offense, noting that the defendant was on parole at the time of the commission of the instant offense.
 

 Because of his history, the trial court did not believe the defendant would respond favorably to probationary treatment. The court noted that the defendant, a fourth or fifth felony offender, would be ineligible for probation; even if it was an option, the court did not believe the defendant would respond favorably as evidenced by his frequent probation and parole revocations. The trial judge did not believe that the defendant’s incarceration would entail an excessive hardship on him or his dependents. As aggravating factors, the trial judge considered the defendant’s criminal record as well as the substantial leniency obtained as a result of the plea agreement. The defendant, if charged as a habitual offender, could be adjudicated a multiple offender and subjected to a much longer sentence. The trial judge also considered the defendant’s history of committing the same type of offenses and “probably the most important thing,” the fact that the defendant was on parole when he committed the instant offense.
 

 The trial judge’s thorough review of the defendant’s social history and the factors articulated in La. C. Cr. P. art. 894.1 shows that this sentence was fashioned for this defendant. There is nothing in this record supporting the defendant’s contentions that the trial court abused its discretion in sentencing him. This defendant
 
 *1282
 
 has on many occasions been shown great leniency and failed to benefit from it.
 

 In reviewing the sentence for constitutional excessiveness, we note that the record reveals that the trial judge was cognizant of and considered |9the appropriate factors in determining the defendant’s sentence. We find no abuse of the trial court’s discretion in imposing this sentence. The sentence cannot be described as “grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.” The sense of justice is not shocked by the imposition of the maximum sentence upon this offender who has consistently failed to avail himself of the rehabilitative efforts afforded to him.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . One of these auto burglaries involved a “bait” car which had a silent alarm and marked bills covered in fluorescent powder. When the defendant was apprehended, he was covered in the fluorescent powder.
 

 [2]
 

 . At the conclusion of the trial court's recitation of his criminal history, the defendant conceded that even he was shocked at how extensive it was. He stated, "I didn’t know I did all that.”
 

 [3]
 

 . The defendant contested an assertion that he was arrested for aggravated rape; the trial court agreed that it would not consider this charge in determining sentence.