ROLAND L. BELSOME, Judge.
| STATEMENT OF THE CASE:
Mr. Mueller was charged by bill of information with failure to register as a sex offender between October 8, 2008 and January 8, 2009, after prior convictions for indecent behavior on February 27, 1998 in Oklahoma and third degree sexual abuse on January 28, 2000 in Iowa, in violation of LSA-R.S. 15:542. Following a lunacy hearing, he was found competent to proceed.
Following a trial by jury on September 10, 2009, Mr. Mueller was found guilty as charged. On January 15, 2010, the defendant’s Motions for New Trial and Post Verdict Judgment of Acquittal were denied. In accordance with the pre-sentence investigation received by the district court on December 1, 2009, Mr. Mueller was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence. The fíne was waived. The defendant’s Motion to Reconsider Sentence was denied and this appeal followed.

STATEMENT OF THE FACTS:

Mr. Mueller registered as a sex offender with the New Orleans Police Department on September 18, 2007. The sex offender registration, as completed by the defendant, reflects his address as 3510 Loyola Street. Registrants are required to comply with various conditions as set forth by the sex offender law including the obligation to promptly notify the Police Department of any change of address within ten days of establishing a new residence. The defendant initialed each of the requirements the contract imposed, agreeing to comply with the state’s sex offender law. Detective Goins, the custodian of the sex offender records, identified the sex offender registration form that the defendant signed and dated |2with the listed address as 3510 Loyola Street. The detective also identified a lease/option to purchase agreement listing the defendant’s address as 3508 Loyola Street. Detective Raymond Hughes, who read and explained the requirements to the defendant, also signed the contract. Detective Goins stated that at no time did the defendant notify the Police Department of a change of address from 3510 Loyola Street.
*680 Detective Aleda Wright of the New Orleans Police Department’s Sex Crimes Unit participated in a resident check of the defendant at 3510 Loyola Street, on March 31, 2008. Detective Wright observed that the residence’s doors were boarded up with wood and padlocked. After knocking on the door and receiving no answer, Detective Wright left a note requesting the resident contact her or the sex crimes unit. She returned to the premises on April 1 and 2, 2008, noticing the premises remained uninhabited with her note still on the door. Detective Wright spoke with neighbors who reported they had not seen the defendant in months.
On October 10, 2008, Detective Marrell Merricks conducted a sex offender residence compliance check at the defendant’s registered address of 3510 Loyola Street. The detective also noticed that the residence was unoccupied and appeared abandoned. He left a business card and a printed form acknowledging he had gone to the residence and requested the defendant to contact him. Detective Merricks returned to the residence on October 16, 2008 and found his business card where he had left it. Following his visit to the residence, the detective checked with Central Lock-up and the Department of Corrections and was advised the defendant was not incarcerated.
| ¡¡Officer Joseph Pollard, an expert in latent fingerprint analysis, took the defendant’s fingerprints in court prior to trial and compared the defendant’s fingerprints to fingerprints of both an individual in the state of Oklahoma and an individual in the state of Iowa. Officer Pollard testified that the fingerprints of the defendant matched both individuals convicted in Oklahoma and in Iowa.

ERRORS PATENT:

A review for errors patent reveals none.

ASSIGNMENTS OF ERROR:

On appeal the defendant raises three assignments of error: 1) he was not required to register as a sex offender; 2) the trial court did not have venue over the criminal proceedings against the defendant; and 3) the ten-year sentence imposed by the trial court on the defendant is excessive.
In his first assignment of error, the defendant asserts that he was not required to register as a sex offender pursuant to Louisiana’s sex offender registration statute, La. R.S. 15:542,[1] because: 1) his prior *681 offenses in Oklahoma and Iowa are |4not “sexual offenses” as defined by Louisiana’s sex offender statute for which a convicted offender must register because his Oklahoma and Iowa convictions are not equivalent to any Louisiana statutes that require registration; 2) the state failed to prove that his Iowa conviction involved a minor and therefore required him to register in Louisiana; and 3) the prosecution failed to establish that Oklahoma and Iowa require him to register as a sex offender.
1.
The bill of information in the instant case charged the defendant with failing to register as a sex offender, having been previously convicted of indecent exposure on or about February 27, 1998 in Custer County, Oklahoma[2] and also of third degree sexual abuse on or about January 28, 2000 in Clinton County, Iowa.[3]
Specifically, the defendant argues that Oklahoma’s indecent exposure statute is equivalent to Louisiana’s laws against obscenity or contributing to the delinquency of a juvenile, 14:106(A)(1) and 14:92(A)(7), respectively, and not to Louisiana’s indecent behavior with juveniles law. Consequently, the defendant [ Bargues that he was not required to register based on his Oklahoma conviction because Louisiana’s laws against obscenity or contributing to the delinquency of a minor do not require registration.
La. R.S. 15:541(24) provides in pertinent part:
“Sex offense” means ... conviction for the perpetration or attempted perpetration of or conspiracy to commit ... R.S. 14:81 (indecent behavior with juveniles) ... A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state, ... which is equivalent to an offense provided for in this Chapter ...
Louisiana’s obscenity law, 14:106(A)(1), is not one of the enumerated offenses requiring registration. However, contributing to the delinquency of a juvenile, 14:92(A)(7), is one of the enumerated offenses. La. R.S. 15:541(12)(a)(b) and (24). Even assuming, arguendo, that neither of these statutes is equivalent to the Oklahoma convictions, Louisiana’s indecent behavior with juveniles law is equivalent.
Black’s Law Dictionary, (8th ed.2004) defines equivalent as: “Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical.”
*682 Oklahoma of 21 O.S. 1021(A)(1) provides in pertinent part:
Every person who willfully and knowingly either: 1. Lewdly exposes his person or genitals in any public place, or in any place where there are present other persons to be offended or annoyed thereby; ... shall be guilty, upon conviction, of a felony ...
La. R.S. 14:81 provides in pertinent part:
Indecent behavior with juveniles
IfiA- Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
(1) Any lewd or lascivious act upon the person or in the presence of any child ... Lack of knowledge of the child’s age shall not be a defense; ...
A clear reading of O.S. 21 1021(A)(1) requires that a defendant engage in lewd behavior in public where others are present and may be offended. Louisiana’s indecent behavior with juveniles requires an equivalent or similar element of engaging in a lewd act in the presence of any minor. It is reasonable to conclude that the language, “where others are present,” in the Oklahoma statute, includes minors. The victims in the Oklahoma cases were minors.
The defendant was convicted as a habitual offender in Iowa of a violation of Code of Iowa, Section 709.4(1), sexual abuse in the third degree, which provides in pertinent part:
A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
1. The act is done by force or against the will of the other person, whether or not the other person is the person’s spouse or is cohabitating with the person.
Louisiana’s aggravated rape statute, La. R.S. 14:42, provides that aggravated rape is a rape of a person where the anal, oral, or vaginal intercourse is deemed to be without lawful consent of the victim when the victim resists the act to the utmost, but whose resistance is overcome by force.
Louisiana’s forcible rape statute, La. R.S. 14:42.1, provides that forcible rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the consent of the victim because it is committed when the victim is prevented from resisting the act by force.
17Thus, comparing the clear language of Code of Iowa 709.4(1) which contains the elements of a sex act perpetrated by force or against the will of the other person, with Louisiana’s aggravated rape and forcible rape statutes, it is clear that the Louisiana and Iowa statutes are corresponding in effect and function and are equal and virtually identical, and therefore, equivalent, which required the defendant to register as a sex offender pursuant to Louisiana’s sex offender registration statute, La. R.S. 15:542.
2.
The defendant argues that Louisiana’s sex offender registration statute applies only to sex offenses against minors. Accordingly, he asserts that because the state failed to prove that the Iowa conviction involved a minor, he was not required to register pursuant to that conviction.
In support of his claim, the defendant cites State v. Hanson, 44, 223, 44, 224 (La.App. 2 Cir. 5/13/09), 12 So.3d 1007. In Hanson, the appellate court vacated that portion of the defendant’s sentence that required him to register for life as a sex offender. The facts of this case are distinguishable from the instant case in that the *683 defendant in Hanson was convicted of two counts of obscenity, La. R.S. 14:106, which is not one of the enumerated offenses that require registration. La. R.S. 15:541(12)(a)(b) and (24).
La. R.S.15:540(A), states the purpose of Louisiana’s sex offender registration statute in pertinent part as follows:
A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest ... Persons found to have committed a sex offense or a crime against a victim who is a 1 sminor have a reduced expectation of privacy ... Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state’s policy is to assist local law enforcement agencies’ efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies ...
There is no jurisprudence directly addressing this issue. However, a clear reading of La. R.S. 15:540(A) reflects that the term sex offenders applies to all defendants convicted of one of the enumerated offenses which require registration regardless of the age of the victim. This interpretation is further supported by the jurisprudence[4] addressing the necessity for notification to register. In State v. Myers, 2007-854 (La.App. 5 Cir. 4/29/08), 981 So.2d 214, the defendant was convicted of forcible rape where the •victim was an adult. The appellate court remanded the case because the trial court failed to provide mandatory written notification to the defendant that he |3was required to register as a sex offender pursuant to La. R.S. 15:541 and 543. Id. at 231-232. In State v. Berniard, 2003-484 (La.App. 5 Cir. 10/15/03), 860 So.2d 66, the defendant was convicted of aggravate rape of his ex-wife. The appellate court remanded the case because the trial court failed to provide mandatory written notification to the defendant that he was required to register as a sex offender pursuant to La. R.S. 15:541 and 543. Id. at 78.
Accordingly, there is no support for the defendant’s claim that Louisiana’s sex offender registration law applies only to sex offenses against minors.
3.
The defendant argues that he was not required to comply with Louisiana’s *684 sex offender registration statute because the prosecution failed to establish that Oklahoma and Iowa required him to register as a sex offender in those jurisdictions. The state counters that the defendant has cited no provision of La. R.S. 15:542 or jurisprudence that supports such a claim and that implicit in his argument is the notion that an out-of-state sex offender is only under a duty to register in Louisiana if the law of the state(s) in which he was previously convicted also requires registration.
La. R.S. 15:542.1.3(A) provides in pertinent part:
Any person who is convicted or adjudicated of an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law for which R.S. 15:542 requires registration shall be subject to and shall comply with all of the registration requirements of this Chapter within three business days of establishing a residence in Louisiana and shall comply with all notification requirements required in R.S. 15:542.1 within twenty-one days of establishing a residence in Louisiana. Such person shall also notify the bureau within three business days of establishing residence in Louisiana.
Accordingly, a clear reading of La. R.S. 15:542.1.3(A) does not require that sex offenders from other states are free from a duty to register in Louisiana if their sex offender convictions in those other states are not subject to registration in those states.
This assignment of error is without merit.
The defendant argues that the State failed to prove that the offense occurred in Orleans Parish because he was residing in Jefferson Parish at the time that the registry checks were conducted. Therefore, the trial court did not have jurisdiction of the case.
La. Const. Art. 1, § 16 guarantees the right to be tried in the parish where the offense occurred, unless venue is changed in accordance with law. The Louisiana legislature has codified this state constitutional guarantee in the Title XIX of the Louisiana Code of Criminal Procedure. La.C.Cr.P. art. 611(A) provides in pertinent part: “[a]ll trials shall take place in the parish where the offense has been committed.” La.C.Cr.P. art. 615 specifies the procedural device for invoking that right:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
See State v. Moss, 2008-1079, pp. 13-14 (La.App. 4 Cir. 7/22/09), 17 So.3d 441, 449-450, writ denied, 2009-1895 (La.4/9/10), 31 So.3d 382; State v. Pierre, 2004-0010, p. 3 (La.App. 4 Cir. 2/25/04), 869 So.2d 246, 248. Because the defendant failed to file a pre-trial motion to quash, his claim of improper venue is not reviewable.
The defendant asserts his maximum ten-year sentence is unconstitutionally excessive because the district court failed to articulate reasons for imposing the maximum sentence and only considered the defendant’s prior criminal history.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const. Art. I, 20; State v. Landry, 2003-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240. A sentence may Inviolate a defendant’s constitutional right *685 against excessive punishment even if it is within the statutory limit. Id.; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A sentence within the statutory limit is constitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Landry, 871 So.2d at 1239-1240, citing State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676.
Generally, a court of review must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Black, 98-0457, p. 8 (La. App. 4 Cir. 3/22/00), 757 So.2d 887, 892. If adequate compliance with article 894.1 is found, the reviewing court must consider whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. State v. Caston, 477 So.2d 868, 871 (La.App. 4 Cir. 1985). The reviewing court must also be mindful that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982). However, while the articulation of the factual basis for a sentence is the goal of article 894.1, it does not require a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with article 894.1. State v. Landos, 419 So.2d 475, 478 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D). State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819. The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983).
I i?.La- R.S. 15:542.1.4(A)(1) provides in pertinent part;
A person who fails to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required by the provisions of this Chapter, and a person who knowingly provides false information to a law enforcement agency as provided in R.S. 15:542(0(3), shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation or suspension of sentence.
Prior to sentencing the defendant, the district court reviewed the pre-sentence report and articulated the following reasons for imposing the maximum sentence:
THE COURT:
PSI ordered and returned by the State of Louisiana, Division of Probation and Parole Department of Public Safety and Corrections, outlines a criminal history that dates back to 1994 with the first conviction being in 1994 in Clinton, Iowa for forgery and second offense theft with a sentence of five years.
In 1996 a conviction out of Clinton, Iowa for Robbery Two, assault with intent, 120 days in jail.
January 8th, 1998, an arrest in Custer County, Arapaho, Oklahoma for sex offense against a child, two counts indecent exposure.
Pled guilty on February 27, 1998, to two years department of corrections, suspended, two years probation with a rule to show cause still being open in that case according to this presentence investigation report.
*686 April 30th, 1998, an arrest in Houma for simple burglary and theft. 1998 pled guilty, two years.
July 14th, 1999, Clinton, Iowa, sex abuse second.
January 27th, 2000, pled guilty to that charge, received a sentence of fifteen years Department of Corrections.
And then this instant offense. It should be noted that the narrative of the pre-sentence investigation reports notes that on January 8th, 1998, for the Oklahoma conviction when the defendant was given probation in that state, he violated several conditions of his probation including | ^leaving the state without permission and not reporting to the probation office. And that’s why that probation is still considered active with a warrant being issued for Mr. Mueller’s arrest back in
1998.
With the Houma Police Department here in Louisiana and the burglary charge, to which he pled guilty and received two years, Department of Corrections’ time. He was released on good time parole supervision on April 28th,
1999.
Mr. Mueller absconded supervision and was arrested on July 14th, 1999, in Iowa. He was extradited back to Louisiana and his parole was revoked due to the new felony conviction of second-sex abuse, second offense, under the criminal statute in Iowa.
The Department of Corrections classifies Mr. Mueller as a fifth felony offender who has been convicted in three different states. He has two prior sex offense convictions and is currently in violation of the probation from one of those convictions.
Both of those convictions involve children. One incident was with a known victim, his niece [sic], and her friend. An [sic] the other incident occurred when he exposed himself to two children in different department stores.
These convictions are the reason Mr. Mueller is required to register as a sex offender. And, therefore, in the PSI the Department of Corrections recommends a lengthy sentence based on the offender’s prior convictions, his prior performance on probation and parole and his offender class.
The Court takes into account the sentencing guidelines as articulated in Article 894 of the Code of Criminal procedure, 894.1, which sets up those guidelines and parameters for the Court to use in determining what the appropriate sentence in any case is.
The Court finds that in light of this case, because the defendant has two prior sexual convictions, both involving children, that the rate that Mr. Mueller would recidivate is extremely high.
The Court finds that he is in need of a custodian environment, which can best be provided for by his remand to an institution.
The Court takes in to [sic] account any mitigating circumstances in that this case does not involve a victim per se. Society is the victim when sex offenders do not register and comply with those terms that society requires of them.
| uAnd, therefore, the Court feels that the maximum sentence to be imposed at law is the appropriate one in this case
Given the facts of the defendant’s prior criminal history, which includes multiple prior felony convictions including two sex crimes, the defendant’s defiance in complying with conditions of his probation and his general recidivist history, the defendant’s ten-year sentence is supported by the record.
*687 Accordingly, the defendant’s conviction and sentence is affirmed.
AFFIRMED.

. La. R.S. 15:542 provides in pertinent part: Registration of sex offenders and child predators
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1)Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541, with the exception of those convicted of felony carnal knowledge of a juvenile as provided in Subsection F of this Section;
(b) A criminal offense against a victim who is a minor as defined in R.S. 15:541;
(2) Any juvenile who has pled guilty or has been convicted of a sex offense or second degree kidnapping as provided for in Children's Code Article 305 or 857, with the exception of simple rape; and
(3) Any juvenile, who has attained the age of fourteen years at the time of commission of the offense, who has been adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit any of the following offenses:
(a) Aggravated rape (R.S. 14:42).
(b) Forcible rape (R.S. 14:42.1).
(c) Second degree sexual battery (R.S. 14:43.2).
(d) Aggravated kidnapping of a child who has not attained the age of thirteen years (R.S. 14:44).
*681 (e) Second degree kidnapping of a child who has not attained the age of thirteen years (R.S. 14:44.1).
(f) Aggravated incest involving circumstances defined as an "aggravated offense” (R.S. 14:78.1).
(g) Aggravated crime against nature (R.S. 14:89.1).

. In Oklahoma case number CF 98-6, defendant pleaded guilty on February 27, 1998 of to two counts of indecent exposure with two minors (his niece and her friend) in violation of 21 O.S. 1021(A)(1). Defendant was sentenced to serve two years at hard labor, suspended. Defendant was placed on active probation with conditions. His probation was revoked on May 14, 1998.
In Oklahoma case number CF 98-15, defendant pleaded guilty on February 27, 1998 of to indecent exposure (defendant exposed himself in department stores to two minors) in violation of 21 O.S. 1021(A)(1). Defendant was sentenced to serve two years at hard labor, suspended. Defendant was placed on active probation with conditions. His probation was revoked on May 14, 1998.

. In Iowa case number 07231, defendant pleaded guilty on December 20, 1999 as a habitual offender to sexual abuse in the third degree in violation of Iowa Code 709.4. Defendant was sentenced to serve fifteen years at hard labor.

. The jurisprudence cited applies to La. R.S. 15:541 and 542 prior to the 2007 amendments. However, the requirement of notification remained the same after the 2007 amendments. Prior to the 2007 amendments the notification requirement of La. R.S. 15:543 provided in pertinent part: "A. The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542 ...”
The amended notification requirement of La. R.S. 15:543 provides in pertinent part: "A. The court shall provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter ...” See also, 5 Att’y Gen. Op. 0252 (2005), which states that all sex offenders have a duty to register pursuant to La. R.S. 15:542.