## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2013-NMSC-001**

**Filing Date: December 5, 2012**

**Docket No. 32,943**

**STATE OF NEW MEXICO,**

        **Plaintiff-Petitioner,**

**v.**

**BRUCE HALL,**

        **Defendant-Respondent.**

**ORIGINAL PROCEEDING ON CERTIORARI**
**Douglas Driggers, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Petitioner

Jacqueline Cooper, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Respondent

## OPINION

**CHÁVEZ, Justice.**

**{1}** Defendant Bruce Hall was convicted of a sex crime in California pursuant to a plea agreement. Hall subsequently moved to New Mexico and was charged with the fourth-degree felony of failing to register as a sex offender in violation of NMSA 1978, Section 29-11A-4(N) (2005). The New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007), requires a person convicted of any of twelve enumerated sex offenses, or who is convicted of an equivalent offense in any other jurisdiction, to register as a sex offender with the county

1

sheriff for the New Mexico county in which that person resides. What constitutes an equivalent offense and how a court makes such a determination are the subjects of this opinion. We hold that an offense is "equivalent" to a New Mexico offense, for purposes of SORNA, if the defendant's actual conduct that gave rise to the out-of-state conviction would have constituted one of the twelve enumerated offenses requiring registration pursuant to SORNA. When the defendant's out-of-state conviction results from a plea agreement, courts may look to the charging documents, the defendant's written plea agreement, and the transcript of the plea hearing to determine the defendant's actual conduct and whether such conduct would have constituted one of the twelve enumerated offenses.

**BACKGROUND**

**{2}** Hall moved to New Mexico in 2006 from California, where he had previously been convicted of violating a California misdemeanor statute prohibiting "annoying or molesting" a child under the age of eighteen. Cal. Penal Code § 647.6(a)(1) (West 1995). As a result of this conviction, Hall was required to register as a sex offender in California.

**{3}** In 2008, Hall called the Las Cruces Police Department and claimed that he was being harassed. Hall told the responding officer that he was being harassed because he was a convicted sex offender in California. Hall also told the officer that he was not registered as a sex offender in New Mexico. Hall was charged with failure to register as a sex offender in violation of Section 29-11A-4(N).

**{4}** Hall moved to dismiss the charge, arguing that there was no statute in New Mexico equivalent to California's "annoying or molesting" a minor statute, and therefore his failure to register did not violate SORNA. The State responded that Hall was required to register in New Mexico because the sex crime he committed in California is equivalent to the New Mexico crime of sexual contact of a minor in the fourth degree, which is a registrable offense. The State described the conduct giving rise to the California conviction as Hall "inappropriately touch[ing] the private parts" of several boys that he was lifting up to look into a camera's viewfinder. The district court denied the motion, and Hall entered a conditional plea of guilty, allowing him to appeal the denial of his motion to dismiss.[1]

**{5}** The Court of Appeals reversed the district court's ruling, holding that Hall's California conviction was not equivalent to criminal sexual contact of a minor under SORNA and, as such, Hall was not required to register as a sex offender upon moving to New Mexico. *State v. Hall*, 2011-NMCA-047, ¶ 9, 149 N.M. 546, 252 P.3d 770. The Court of Appeals focused its "inquiry on the statutory elements of the [two] offenses," *id.* ¶ 5, concluding that each statute required an element that the other did not, *id.* ¶¶ 6-8. The Court of Appeals concluded that a conviction for criminal sexual contact of a minor requires

---

[1]The conditional plea agreement states that it is conditional on the appeal of a motion to suppress, but the only motion that appears in the record is a motion to dismiss.

touching or the application of force, while California's "annoying or molesting" statute does not. *Id*. ¶ 8. The Court of Appeals therefore held that the two offenses were not "equivalent" for purposes of SORNA, *id*. ¶ 9, and Hall's conviction for failure to register should be reversed, *id*. ¶ 10. The Court of Appeals acknowledged that both statutes at issue require proof of an abnormal sexual interest in children, but nevertheless concluded that "the fact that both statutes may serve similar purposes is in no way controlling." *Id*. ¶ 9. We granted the State's petition for writ of certiorari, and now reverse the Court of Appeals and remand to the district court for proceedings consistent with this opinion. Rule 12-501 NMRA.

## DISCUSSION

**{6}** "A sex offender residing in this state shall register with the county sheriff for the county in which the sex offender resides." Section 29-11A-4(A). A "sex offender" includes a person who "changes residence to New Mexico, when that person has been convicted of a sex offense" in another jurisdiction. Section 29-11A-3(D)(2). "Sex offense" is defined as any of twelve enumerated New Mexico offenses "or their equivalents in any other jurisdiction." Section 29-11A-3(E).

**{7}** The Legislature neither defined "equivalent" nor explained how courts should determine when an out-of-state offense is equivalent to one of the twelve enumerated registrable offenses. Hall argues that for an out-of-state conviction to be equivalent to a registrable offense in New Mexico, the defendant must have been convicted of a statute that contains precisely the same elements as one of the twelve enumerated offenses. He contends that because the California offense of "annoying or molesting" a child does not contain the required elements of any of the twelve enumerated offenses, he was not convicted of a "sex offense" under SORNA.

**{8}** The State urges us to look beyond the elements of the offense to the actual conduct that supported the conviction in the other jurisdiction. In the State's view, if Hall was convicted on the basis of conduct that would have constituted one of the twelve enumerated offenses, the out-of-state conviction is equivalent. Under this "actual conduct" approach, it does not matter that the out-of-state offense and the New Mexico offense do not share precisely the same elements. The State contends that the conduct underlying Hall's "annoying or molesting" conviction would have constituted criminal sexual contact of a minor if it had taken place in New Mexico.

**The Language and History of SORNA Suggest that It Should Be Interpreted Broadly**

**{9}** What constitutes an equivalent offense involves a question of statutory interpretation. Interpretation of a statute is an issue of law that we review de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995). Our main goal when interpreting a statute is to give effect to the Legislature's intent. *Id.* Deciphering what was intended by the Legislature requires us to examine "the object the legislature sought to accomplish and the

3

wrong it sought to remedy." *Id.* (internal quotation marks and citation omitted). The history and background of the legislation also informs our search for legislative intent and the proper interpretation of legislation. *See Chatterjee v. King*, 2012-NMSC-019, ¶ 12, 280 P.3d 283 (in addition to examining the language of the statute, we consider its history and background).

**{10}** The Legislature has made findings that support its stated purpose in enacting SORNA, which is "to assist law enforcement agencies' efforts to protect their communities." Section 29-11A-2(B). The Legislature has found that "sex offenders pose a significant risk of recidivism," and "the efforts of law enforcement agencies to protect their communities from sex offenders are impaired by the lack of information available concerning convicted sex offenders who live within the agencies' jurisdictions." Section 29-11A-2(A)(1)-(2). Therefore, SORNA requires every sex offender to provide local law enforcement with comprehensive personal information including the offender's name, date of birth, social security number, address, and place of employment, as well as physical information including fingerprints and a DNA sample. Section 29-11A-4(B), (E). Other than the sex offender's social security number and DNA profile, all of this information is provided to schools and day care centers within one mile of the offender's residence, and most of the information is available to the public on the internet. Section 29-11A-5.1(D), (E).

**{11}** The Legislature has amended SORNA several times since its enactment in 1995 as the Sex Offender Registration Act (SORA), 1995 N.M. Laws, ch. 106, each time broadening rather than narrowing the law. Four years after enacting SORA, the Legislature added to the list of registrable offenses and began requiring nonresident sex offenders to register in New Mexico if they work or attend school in the state. 1999 N.M. Laws, ch. 19, §§ 2-3. The Legislature also deleted a provision of the law that had prohibited distribution of registry information, instead requiring information to be released to the public upon request. *Compare* 1995 N.M. Laws, ch. 106, § 6 ("Information obtained from a sex offender pursuant to [SORA] shall not be disseminated to persons or entities other than law enforcement agencies."), *with* 1999 N.M. Laws, ch. 19, § 8(B) (describing procedure for a member of the public to obtain registry information).

**{12}** In 2000, the Legislature began requiring law enforcement to give sex offenders' information to local schools, and it authorized the Department of Public Safety to create a website publishing the information to the general public. 2000 N.M. Laws, ch. 8, § 4(D)-(E). It also made failure to register as a sex offender a fourth-degree felony; it had previously been a misdemeanor. *Compare* 1999 N.M. Laws, ch. 19, § 4(I), (J) (prescribing misdemeanor penalties for failure to register), *with* 2000 N.M. Laws, ch. 8, § 2(I), (J) (defining failure to register as a felony). Once again, the Legislature added to the list of crimes that constitute sex offenses. 2000 N.M. Laws, ch. 8, § 1(B).

**{13}** In 2005, the Legislature amended the statute to make tribal court convictions a basis for SORNA registration, and it again added to the list of registrable offenses. 2005 N.M. Laws, ch. 279, § 1. The 2005 amendments deleted the requirement that a "sex offender"

4

must be over the age of eighteen.  *Compare* 2004 N.M. Laws, ch. 1, § 10(A) (Spec. Sess. 2003) ("'[S]ex offender' means a person eighteen years of age or older who . . ."), *with* 2005 N.M. Laws, ch. 279, § 1(D) ("'[S]ex offender' means a person who . . .").  In addition, the registry website, previously an optional resource provided by the Department of Public Safety, became mandatory.  2005 N.M. Laws, ch. 279, § 5(E).

**{14}**   In 2007, the Legislature added the language at issue in this case.  SORNA had previously merely stated that a "'sex offense' means" any one of a list of New Mexico offenses.  2007 N.M. Laws, ch. 68, § 1(E).  The relevant section was subsequently amended to read, "'sex offense' means any of the following offenses or their equivalents in any other jurisdiction."  2007 N.M. Laws, ch. 69, § 5(E).

**{15}**   We must assume that this change in language had meaning.  *See* NMSA 1978, § 12-2A-18(A)(2) (1997) (A statute should be construed to "give effect to its entire text."); *Leyba v. Renger*, 114 N.M. 686, 688, 845 P.2d 780, 782 (1992) ("When the legislature enacts a new statute, we presume that it intended to establish new law or to change law as it previously existed."); *In re Estate of Greig*, 107 N.M. 227, 229, 755 P.2d 71, 73 (Ct. App. 1988) ("Courts assume that the legislature will not enact useless statutes or amendments.").  The shift from a discrete list of offenses to a list of offenses *and their equivalents* must logically have expanded rather than contracted the scope of registrable conduct.

**{16}**   In the seventeen-year history of SORNA, the Legislature has continually amended the law to make it more expansive—that is, to register more people for more offenses, to make information more accessible to the public, and to increase penalties for failing to comply.  In this way, the Legislature has demonstrated its preference for a broad registry law that provides more, rather than less, protection for the community.

**{17}**   In addition, because SORNA is remedial legislation, *see State v. Myers*, 2011-NMSC-028, ¶ 42, 150 N.M. 1, 256 P.3d 13 ("SORNA is primarily remedial in purpose and effect." (internal quotation marks and citation omitted)); *State v. Brothers*, 2002-NMCA-110, ¶ 20, 133 N.M. 36, 59 P.3d 1268 ("SORNA has a remedial purpose, namely, to protect communities from sex offenders."), it must be interpreted broadly.  *See, e.g.*, *In re Esther V.*, 2011-NMSC-005, ¶ 17, 149 N.M. 315, 248 P.3d 863 ("We interpret remedial statutes liberally to facilitate and accomplish their purposes and intent." (internal quotation marks, brackets, and citation omitted)).  Given the choice between a narrow, elements-based approach to the law and a broader approach that examines the offender's actual conduct, we find the broader approach more consonant with the Legislature's intent.

**{18}**   We read SORNA to mean that the defendant's offense in the foreign state, rather than the statute under which the defendant was convicted, must be the equivalent of an enumerated registrable offense in New Mexico.  To determine equivalence, courts must look beyond the elements of the conviction to the defendant's actual conduct.  To hold otherwise would be to undermine the legislative intent of SORNA and allow sex offenders convicted in other jurisdictions to avoid registration, even when their conduct would have supported

5

a registrable conviction in New Mexico. This is not to say that the elements of the out-of-state offense are entirely irrelevant. When the elements of the out-of-state sex offense are precisely the same elements of a New Mexico sex offense, the inquiry is at an end. However, even when the elements are dissimilar, courts should consider the defendant's underlying conduct to determine whether the defendant's conduct would have required registration in New Mexico as a sex offender.

**{19}** Hall argues that the rule of lenity applies to this case, and therefore we must interpret SORNA narrowly. Under the rule of lenity, "criminal statutes should be interpreted in the defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute." *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994). However, the fact that the language of a statute is susceptible to two interpretations does not necessarily render the statute ambiguous. *Id.* ("A criminal statute is not ambiguous for purposes of lenity merely because it is *possible* to articulate a construction more narrow than that urged by the Government." (internal quotation marks, brackets, and citation omitted)). A statute is ambiguous for the purpose of the rule of lenity only if "reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Id.* (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)) (internal quotation marks omitted). Here, the legislative history and motivating policies behind SORNA indicate clearly and without ambiguity that the registration requirement should encompass more, rather than fewer, out-of-state offenders.

**{20}** We are not the only jurisdiction to take this approach. For example, in *State v. Mueller*, 2010-0710, pp. 5-6 (La. App. 4 Cir. 12/8/10); 53 So. 3d 677, 681-82, the Louisiana Court of Appeal held that a conviction in Oklahoma for indecent exposure was equivalent to the Louisiana crime of indecent behavior with juveniles. Even though the Louisiana statute had as an element that the victim must be a juvenile, and the Oklahoma statute under which the defendant had been convicted did not, the court observed that the victims of the Oklahoma crime were minors. *Id.* Therefore, the elements of the Louisiana crime were met by the defendant's Oklahoma conviction, the two crimes were equivalent, and the defendant's conviction for failure to register as a sex offender was upheld. *Id.* at pp. 5-6, 14; 53 So. 3d at 681-82, 687.

**{21}** In *In re North v. Board of Examiners of Sex Offenders of State of New York*, 871 N.E.2d 1133 (N.Y. 2007), the Court of Appeals of New York applied a similar analysis, which it described as follows:

> [W]e conclude that . . . SORA requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in New York, would have amounted to a registrable New York offense. This necessarily requires that the Board compare the elements of the foreign offense with the analogous New York offense to identify points of overlap. When the Board finds that the two offenses cover the same conduct, the analysis need proceed no further for it will be evident that the foreign

conviction is the equivalent of the registrable New York offense for SORA purposes. In circumstances where the offenses overlap but the foreign offense also criminalizes conduct not covered under the New York offense, the Board must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the New York offense. If it is, the foreign conviction is a registrable offense under SORA's essential elements test.

*Id.* at 1139.

**{22}** The remaining question is how should a New Mexico court determine the actual conduct that supported the defendant's conviction of a sex offense in another jurisdiction when deciding equivalency under SORNA. In this case, Hall was convicted of annoying or molesting a child under California Penal Code Section 647.6 pursuant to a plea agreement. When a defendant enters a plea of guilty or nolo contendere, the charging document, plea agreement, or transcript of the plea hearing should establish the factual basis for the plea. A New Mexico court should consider the facts stated in such documents when determining whether the conduct underlying the plea would have constituted a violation of one of the twelve enumerated SORNA offenses that require sex offender registration. In essence, the question is whether the out-of-state fact-finder necessarily must have found facts that would have proven the elements of the New Mexico registrable offense. If so, the alleged sex offender has committed the equivalent of an enumerated New Mexico sex offense.

**{23}** We conclude that this analysis provides adequate protection for a defendant's rights. It is consistent with the jurisprudence of United States Supreme Court cases addressing how federal courts should analyze state court convictions for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) (2000). ACCA provides for a fifteen-year mandatory minimum sentence for a defendant who illegally possesses a firearm after three previous convictions "for a violent felony or a serious drug offense." *Id.* Depending on the circumstances, the crime of burglary might or might not be considered a "violent felony." *Shepard v. United States*, 544 U.S. 13, 15-16 (2005). Although the Supreme Court has generally taken a categorical approach to ACCA sentencing, it has also held that a sentencing court may look at the charging document and jury instructions from a prior burglary conviction in order to ascertain the circumstances of the defendant's offense and determine whether or not the defendant should be sentenced as an "armed career criminal." *Taylor v. United States*, 495 U.S. 575, 602 (1990). The Court has subsequently expanded that analysis to allow courts to consult

> a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases . . . the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea.

*Shepard*, 544 U.S. at 20. *Shepard* and *Taylor* allow courts to consider facts that were found by a jury beyond a reasonable doubt, or the equivalent. Such evidence would also be appropriate for consideration by a New Mexico court as it analyzes facts underlying an out-of-state conviction for purposes of SORNA.

{24} We realize that in some cases, such as a guilty plea in which there was no allocution, there will be no factual findings for a New Mexico court to review. In that instance, the court will be limited to comparing the elements of the foreign sex offense to those of the enumerated offenses under SORNA. In some cases, this will mean that out-of-state sex offenders will not have to register in New Mexico, even for serious offenses. If the Legislature is disturbed by this possibility, it is free to amend SORNA once again. Several states have passed laws requiring out-of-state sex offenders to register for any offense that was registrable in the state of conviction. *See, e.g.*, Ind. Code Ann. § 11-8-8-5(b)(1) (West 2012) (The term "sex or violent offender" includes "a person who is required to register as a sex or violent offender in any jurisdiction."); Mont. Code Ann. § 46-23-502(9)(b) (2007) (A "sexual offense" includes "any violation of a law of another state, a tribal government, or the federal government that is reasonably equivalent to a violation listed in subsection (9)(a) *or* for which the offender was required to register as a sexual offender after an adjudication or conviction." (emphasis added)). This type of provision is an option for New Mexico as well. If the Legislature is concerned about adopting other states' registry requirements wholesale, it could also allow an affirmative defense for sex offenders whose actual conduct in the foreign state would not have constituted a registrable offense in New Mexico. *See, e.g.*, S.C. Code Ann. § 23-3-430(A) (2010) (A person convicted in a foreign country may raise defense that "the offense . . . was not equivalent to any offense in this State for which he would be required to register."). For a summary of the statutes and case law dealing with registration of out-of-state sex offenders in various states, *see* Tracy Bateman Farrell, *Validity, Construction, and Application of State Statutory Requirement that Person Convicted of Sexual Offense in Other Jurisdiction Register or Be Classified as Sexual Offender in Forum State*, 34 A.L.R. 6th 171 §§ 25-26 (2008).

**The Record Is Insufficient for a Court to Determine Whether Hall's Conduct Violated One of the Enumerated Registrable Offenses**

{25} The State contends that Hall's conduct supporting his conviction in California would have been conduct that violated the New Mexico offense of criminal sexual contact of a minor because his conduct involved touching several boys' "private parts." To convict a defendant in New Mexico of criminal sexual contact of a minor in the third degree, the State must prove that the defendant touched or applied force to the intimate parts (defined as the "primary genital area, groin, buttocks, anus or breast") of a child under the age of thirteen.[2]

---

[2]The State has suggested that "annoying or molesting" a child is equivalent to criminal sexual contact of a minor in the *fourth* degree, rather than third. However, this analysis appears to be in error. The State alleges that Hall inappropriately touched several

8

NMSA 1978, § 30-9-13(A), (C)(1) (2003); *see also* UJI 14-925 NMRA & Use Note (defining elements of criminal sexual contact with a minor under the age of thirteen, including list of intimate parts).

{26}    In theory, we agree with the State's framing of the issue: if the defendant's conduct had occurred in New Mexico, and the conduct would have supported a conviction of an offense enumerated in SORNA, then the defendant committed an equivalent offense and must register as a sex offender in New Mexico. However, we cannot make this determination in Hall's case because the record is inadequate for a New Mexico court to determine in what conduct Hall engaged that gave rise to his California conviction. The State's allegations of Hall's conduct *may* support a conclusion that his conduct would have violated the New Mexico crime of criminal sexual contact of a minor in the third degree; however, we cannot accept these allegations for two reasons.

{27}    First, the State has not established enough facts to support the elements of the New Mexico offense. For example, the State has neither established the victims' ages at the time of the offense, which are necessary to establish criminal sexual contact of a minor in the third degree under Section 30-9-13(C)(1), nor has the State established the aggravating factors that are necessary to prove criminal sexual contact of a minor in the third or fourth degree under an alternative theory. *See* § 30-9-13(C)(2), (D). Furthermore, under any theory of criminal sexual contact of a minor, the crime requires touching of "intimate parts," defined as "the primary genital area, groin, buttocks, anus or breast." Section 30-9-13(A). "Primary genital area" is defined elsewhere in New Mexico statutes as "the mons pubis, penis, testicles, mons veneris, vulva or vagina." NMSA 1978, §§ 30-9-14(B), 30-9-14.3(B) (1996). The State has not established where on their bodies Hall touched the California victims, saying only that he touched their clothed "private parts."

{28}    Second, despite the State's assertions, these factual allegations are entirely unsubstantiated. The record does not contain any stipulation by Hall regarding his conduct or any documents reflecting an allocution in California. Without evidence, we cannot accept the State's unsubstantiated allegations as fact or speculate about the age of the victims or where Hall touched them, if at all. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are

---

young boys outside their clothing as he held them up to look into a camera's viewfinder. If the boys were under the age of thirteen, which seems likely if Hall physically picked them up, that could constitute criminal sexual contact of a minor in the third degree under Section 30-9-13(C)(1). Criminal sexual contact of a minor in the fourth degree applies to sexual contact with children thirteen to eighteen years old where there is either force or coercion, Section 30-9-13(D)(1), or where the perpetrator is an employee at the child's school, Section 30-9-13(D)(2). Given that the State has not described either of these circumstances, we construe the State to mean that Hall committed the equivalent of criminal sexual contact of a minor in the third, rather than the fourth, degree.

9

not evidence." *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104. Because we cannot state categorically that the California offense of "annoying or molesting" a minor is equivalent to criminal sexual contact with a minor, and therefore a registrable offense, the State must produce evidence to demonstrate that the offenses are equivalent in this case.

**Principles of Comity Do Not Require Hall to Register as a Sex Offender in New Mexico**

**{29}**    Finally, the State argues that Hall's California offense of "annoying or molesting" a child must be per se registrable in New Mexico because of the principles of comity and full faith and credit. *See* U.S. Const. art. IV, § 1; N.M. Const. art. IV, § 1. We reject this argument. Registration pursuant to SORNA is a matter of New Mexico law, even if it rests upon a conviction in a foreign jurisdiction. Hall has been duly convicted, sentenced, and punished in California, and we show the State of California no disrespect by independently evaluating our state's interest in having Hall register as a sex offender in New Mexico. We have found no indication that other states analyze registration for out-of-state sex offenses through the lenses of comity or full faith and credit, and nothing in New Mexico law requires that we interpret this issue any differently.

**CONCLUSION**

**{30}**    To determine whether a foreign sex offense is equivalent to a New Mexico sex offense for purposes of SORNA, and where the two offenses when compared do not share the exact same elements, a court must look beyond the elements of the offense and consider whether the defendant's actual conduct, had it occurred in New Mexico, would have constituted a registrable offense. However, in this case, there is an insufficient factual record on which to determine the defendant's actual conduct. For this reason, we reverse the Court of Appeals and remand to the district court for further proceedings consistent with this opinion, with leave for Hall to withdraw his guilty plea.

**{31}    IT IS SO ORDERED.**

_____
                                    **EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____

10

**CHARLES W. DANIELS, Justice**

_____

**PAUL J. KENNEDY, Justice**

**Topic Index for** _State v. Hall,_ **No. 32,943**

**APPEAL AND ERROR**
Fundamental Error

**CRIMINAL LAW**
Sexual Offences

**CRIMINAL PROCEDURE**
Plea and Plea Bargaining

**MISCELLANEOUS STATUTES**
SORNA (Sexual Offender Registration and Notification Act)

**STATUTES**
Interpretation
Legislative Intent
Rules of Construction