This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE MARTINEZ,**

  **Plaintiff-Appellant,**

v.                                                             **NO. A-1-CA-36832**

**ANTHONY R. BURTON, M.D.,**

  **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Law Offices of James P. Lyle, P.C.
James P. Lyle
Albuquerque, NM

for Appellant

Serpe, Jones, Andrews, Callender & Bell, PLLC
Adam D. Pollock
Randall Jones
Houston, TX

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Plaintiff appeals from the district court's order granting summary judgment in favor of Defendant. We rejected the original docketing statement for the failure to comply with the content requirements of our appellate rules. Plaintiff filed an amended docketing statement, which we also found to be incomplete in its recitation of the information needed to review the issues Plaintiff raised to us. We issued a notice proposing to affirm for the failure to demonstrate error. Plaintiff has responded to our notice with a memorandum in opposition. We have considered Plaintiff's response and remain unpersuaded. We therefore affirm.

{2}    On appeal, Plaintiff contends that the district court erred by ruling that his claims against Defendant were discharged by the hospital's bankruptcy filings where Plaintiff claims he was not provided with actual or constructive notice of the bankruptcy injunctions applying to claims filed against the hospital and its employees. [ADS 2] While this case has been before this Court, Plaintiff has not supplied this Court with sufficient information about the evidence and arguments presented below to assess whether the district court erred, and we have repeatedly explained to Plaintiff that he must supply this Court with a document that concisely and accurately states all facts and authorities material to our appellate review of the issues, including a statement of the argument and evidence presented that supports the district court's rulings.

{3} Our notice observed that Plaintiff had not addressed or even acknowledged the numerous legal arguments and exhibits Defendant presented to the district court to support Defendant's position that the injunctions granted to the hospital and its employees in the relevant bankruptcy proceedings barred Plaintiff's lawsuit against Defendant. [RP 101-29, 130-503] Plaintiff responded with a recitation of how this Court determines which cases to assign to the general calendar. [MIO 1-2] He complains that this Court engaged in speculation that facts exist to support the district court's ruling. [MIO 2] Even if we engaged in pure speculation, it would be more properly characterized as engaging the presumption of correctness in the decisions of the trial court. *See, e.g.*, *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). However, we referred Plaintiff to the record Defendant developed in district court to support summary judgment. [RP 109-503, 514-16]

{4} Plaintiff's response also makes two bald assertions. He asserts that the facts that we referred to in the record do not exist or do not apply to his claims because the lawsuit is not against the hospital, but against one of its doctors and because its bankruptcy plan was approved before the acts of negligence. [MIO 2] He also asserts

that the amended docketing statement cites the relevant portions of the controlling statute and that Defendant did not provide contrary authority. [MIO 3]

{5} As we observed in our notice, Defendant presented argument and evidence that Plaintiff received notice of the hospital's bankruptcy reorganization plan in accordance with due process [RP 109-21, 514-16] and with the process approved by the bankruptcy court, and that the plan's bankruptcy injunction—which was approved by the bankruptcy court—bars Plaintiff's claims against Defendant. [RP 109-503, 514-16] *See Jacob v. Spurlin*, 1999-NMCA-049, ¶ 27, 127 N.M. 127, 978 P.2d 334 (discussing the binding effect of rulings in the bankruptcy court and correlating findings in the district court and observing that "a statement without argument is not sufficient to challenge [such] a finding"); *Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 ("While we rely in large part upon the appellant's statement of the facts, if the record shows otherwise, we will not accept that factual recitation.").

{6} Plaintiff's bald assertion that the reorganization plan could not apply to Plaintiff's claims—without any citation to the record or to controlling authority and without any explanation as to how the district court erred by relying on Defendant's arguments and evidence to the contrary—does not prove error. *See State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of

4

counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (stating that where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule." (emphasis omitted)); *Hennessy v. Duryea*, 1998-NMCA-36, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{7}     Similarly, Plaintiff's bald assertion that the amended docketing statement cites the relevant portions of the controlling statute related to technical aspects of notice does not prove error in the district court's reliance on Defendant's argument and evidence that Plaintiff was given sufficient notice of the hospital's bankruptcy reorganization plan. [RP 109-21, 514-16] For reasons grounded in the authorities provided above, Plaintiff cannot prevail with a simple assertion that he did not receive

notice and the bankruptcy injunction does not apply to him; Plaintiff must demonstrate error and prejudice from the notice given with citation to the record and controlling authority and an explanation of why the district court erred by ruling in favor of Defendant's arguments and evidence. *See State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 ("An assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)).

{8} We have warned Plaintiff that this Court will not comb the record to find error or support for Plaintiff's claims. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990. And we have warned Plaintiff that affirmance will result if he failed to demonstrate how the record and law shows the error in all of Defendant's arguments that prevailed below. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483. We now affirm the district court's order granting summary judgment.

{9} **IT IS SO ORDERED.**

---

**J. MILES HANISEE, Judge**

**WE CONCUR:**

---

**JULIE J. VARGAS, Judge**

_____

**HENRY M. BOHNHOFF, Judge**