This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39768

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RICHARD LEE PAUL CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe Sommer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant Richard Chavez appeals from the district court's judgment and sentence convicting him of first degree kidnapping, contrary to NMSA 1978, Section 30-4-1(A) (2003); unlawful taking of a motor vehicle, contrary to NMSA 1978, Section 30-16D-1(A)(1) (2009); and aggravated battery against a household member, contrary to NMSA 1978, Section 30-3-16(B) (2018). The underlying charges arose from an

altercation between Defendant and his girlfriend (Victim). Defendant argues that the jury instructions regarding kidnapping were erroneous, the district court abused its discretion in admitting telephone recordings without proper authentication, and the alleged kidnapping was merely incidental to the aggravated battery. For the reasons that follow, we affirm.

**DISCUSSION**

**I.      Jury Instructions**

**{2}**      Defendant argues the provided jury instructions for first and second degree kidnapping constituted fundamental error because a variation between the two instructions confused the jury to the extent it could only reasonably find Defendant guilty of first, rather than second, degree kidnapping. This issue was not preserved below, and we thus review it for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 ("The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved we review the instructions for reversible error. If not, we review for fundamental error." (citation omitted)). The latter such inquiry entails determination of "whether a reasonable juror would have been confused or misdirected by the instruction." *Id.* (internal quotation marks omitted). We apply the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice." *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted), *holding modified by State v. Guerra*, 2012-NMSC-027, ¶¶ 14-15, 284 P.3d 1076. We discern no miscarriage of justice because no "mistake in the process" rendered the "conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633.

**{3}**      Here, the jury was instructed that a first degree kidnapping conviction required proof beyond a reasonable doubt of the following elements:

1.      [D]efendant took or restrained or confined or transported [Victim] by force or *deception* by keeping [Victim] in a car against her will;

2.      [D]efendant's acts was unlawful;

3.      [D]efendant intended to inflict death or physical injury on [Victim];

4.      The taking or restraint or confinement or transportation of [Victim] was not slight, inconsequential, or merely incidental to the commission of another crime;

5.      [D]efendant inflicted physical injury upon [Victim] during the course of the kidnapping or [D]efendant did not voluntarily free [Victim] in a safe place.

(Emphasis added.) By contrast, the jury was instructed that a second degree kidnapping conviction required proof beyond a reasonable doubt of the following elements:

1.      [D]efendant took or restrained or confined or transported [Victim] by force or *intimidation* by keeping [Victim] in a car against her will;

2.      [D]efendant's act was unlawful;

3.      [D]efendant intended to inflict death or physical injury on [Victim];

4.      The taking or restraint or confinement or transportation of [Victim] was not slight, inconsequential, or merely incidental to the commission of another crime.

(Emphasis added.)

**{4}**      Defendant contends that a variance between the two instructions—that being the distinction between first degree kidnapping requiring a finding of force or *deception*, and second degree kidnapping requiring a finding of force or *intimidation*—"created a situation where the jury may have thought it could not find [D]efendant guilty of second[]degree kidnap[ping], and could only find him guilty of first[]degree kidnap[ping]." Assuming, without deciding, that the asserted variance between the instructions was error, we conclude that such error does not constitute fundamental error, and our review of the record does not support a conclusion that Defendant's "conviction was the result of a plain miscarriage of justice." *See State v. Ancira*, 2022-NMCA-053, ¶ 25, 517 P.3d 292 (internal quotation marks and citation omitted). In addition to the elements quoted above, the jury was also instructed that it could not reach a verdict on second degree kidnapping unless the jury first unanimously agreed that Defendant was not guilty of first degree kidnapping. Because the jury found the State proved all of the elements of first degree kidnapping—and Defendant does not challenge the accuracy of such instruction—there was no risk that the jury was confused by any variance between the two instructions. Defendant has therefore failed to demonstrate fundamental error.

**{5}**      Further, to the extent Defendant attempts to prove that the jury was confused about the first and second degree kidnapping instructions based on markings found on the instruction forms, no evidence in the record supports a finding that the jury made such markings, or that the markings carry any specific meaning, and we will ascribe no such meaning thereon. *See State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("[A]rgument of counsel is not evidence." (internal quotation marks and citation omitted)); *see also State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence."). We therefore conclude that Defendant has failed to prove fundamental error requiring reversal in order to prevent the miscarriage of justice. *See Silva*, 2008-NMSC-051, ¶ 13.

**II.      Authentication of Telephone Recordings**

**{6}** Defendant argues that the district court erred in admitting recordings of jail telephone calls between Defendant and Victim because the State failed to properly authenticate the recordings. Defendant specifically contends that while the testimony of a district attorney's investigator identified Defendant as the caller, such identification is premised on "assumed" versus personal knowledge by the investigator. We review the district court's evidentiary ruling for an abuse of discretion. *State v. Romero*, 2019-NMSC-007, ¶ 40, 435 P.3d 1231. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted).

**{7}** "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 11-901(A) NMRA. "A witness's identification of a voice requires only a *minimal* showing that the voice belongs to the person the witness purports that it . . . belongs to and sets a low threshold for admissibility." *Romero*, 2019-NMSC-007, ¶ 41 (internal quotation marks and citation omitted). "The identity of a party making a telephone call may be established by either direct or circumstantial evidence." *Id.* (internal quotation marks and citation omitted).

**{8}** Here, the investigator testified outside of the presence of the jury that he recognized Defendant's voice, pulled and verified records for hundreds of calls to Victim's phone number, heard Defendant's and Victim's names on the calls, and identified Defendant's pin number used during the calls. While Defendant argues that the investigator's testimony in this regard was insufficient to establish Defendant's identity—and therefore insufficient to authenticate the call recordings—our Supreme Court has clarified that the proponent of evidence "need not demonstrate authorship of the evidence conclusively; arguments contesting authorship go to the weight of the evidence, not its admissibility." *State v. Jesenya O.*, 2022-NMSC-014, ¶ 18, 514 P.3d 445. "The jury is left to decide the weight given to the evidence." *Romero*, 2019-NMSC-007, ¶ 41; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Further, we decline to entertain Defendant's speculation that someone other than Defendant could have been the caller, given that Defendant fails to cite to any portion of the record that could support such an assertion. *See Cordova*, 2014-NMCA-081, ¶ 10; *Hall*, 2013-NMSC-001, ¶ 28. We therefore discern no abuse of discretion by the district court in admitting the call recordings.

### III. Kidnapping Conviction

**{9}** Defendant argues that the facts of his case do not support a kidnapping conviction, asserting that any alleged kidnapping was merely incidental to the aggravated battery and therefore cannot constitute a separate charged crime. Defendant "need not have preserved this argument because it rests on whether the evidence was sufficient to convict him of kidnapping." *State v. Sotelo*, 2013-NMCA-028, ¶ 30, 296 P.3d 1232. "Under this standard, an appellate court reviews the evidence in

the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted).

**{10}** We have yet to adopt a specific test to determine whether the conduct underlying a conviction for kidnapping is merely incidental to the conduct underlying a conviction for aggravated battery. *See State v. Trujillo*, 2012-NMCA-112, ¶¶ 22, 32, 39, 289 P.3d 238 (discussing three possible tests for determining whether the alleged kidnapping was incidental to battery, but finding it unnecessary to adopt a specific test because the facts did not present a "close call" in relation to the available tests); *see also Sotelo*, 2013-NMCA-028, ¶ 30 (declining to adopt a specific test because there existed sufficient evidence for the jury to conclude that the defendant's conduct was not merely incidental to battery). However, we have clearly established that kidnapping may occur—wholly separate from aggravated battery—"once the victim's physical association with the defendant is no longer voluntary" *Id.* (alterations, internal quotation marks, and citations omitted).

**{11}** Here, the jury heard evidence that after Defendant stopped and exited the vehicle, Victim locked the doors and tried to get help from nearby strangers. The jury further heard that Defendant forced his way back into the vehicle after being locked out, continued to both drive and beat Victim, and that Victim believed she was being "taken [by Defendant] to be killed." Such evidence is sufficient to establish that (1) Victim's physical association with Defendant was no longer voluntary once Defendant forced his way back into the vehicle and continued to transport Victim, and (2) Victim's restraint in the car was not merely to further the subsequent beating but had "significance of its own." *Sotelo*, 2013-NMCA-028, ¶ 30 (internal quotation marks and citation omitted). Thus, we conclude that the conduct underlying the kidnapping was not merely incidental to the aggravated battery.

**CONCLUSION**

**{12}** For the above reasons, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**