This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40473

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PHILLIP JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jonathan D. Gardner, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant was charged with one count of failure to register as a sex offender, contrary to NMSA 1978, Section 29-11A-5 (2007), based on a prior conviction in the State of Louisiana for indecent behavior with juveniles. Defendant filed a motion to dismiss, arguing that the elements of the Louisiana offense are not precisely the same as the elements of any New Mexico sex offense, and the State had not provided any information concerning the conduct underlying the Louisiana conviction. After a hearing,

the district court denied Defendant's motion. We reverse based on the State's failure to establish that Defendant's Louisiana conviction is equivalent to an offense that would require Defendant to register as a sex offender in New Mexico.

**BACKGROUND**

**{2}**     The circumstances at issue in this case mirror a 2013 New Mexico Supreme Court case, *State v. Hall*, 2013-NMSC-001, 294 P.3d 1235, and we begin with a brief discussion of *Hall* as it provides the framework for our review.

**{3}**     In *Hall*, the defendant was convicted of a sex crime in California and later moved to New Mexico, where he was charged with failure to register as a sex offender under the New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2013). *Hall*, 2013-NMSC-001, ¶ 1. SORNA requires a person to register as a sex offender if they have been convicted of "any of twelve enumerated New Mexico offenses or their equivalents in any other jurisdiction." *Id.* ¶ 6 (internal quotation marks and citation omitted); *see* § 29-11A-3(H), (I). At issue in *Hall* was how to determine what constitutes an equivalent offense in another jurisdiction. 2013-NMSC-001, ¶ 1. The Court held that "[w]hen the elements of the out-of-state sex offense are precisely the same elements of a New Mexico sex offense, the inquiry is at an end." *Id.* ¶ 18. But, "when the elements are dissimilar, courts should consider the defendant's underlying conduct to determine whether the defendant's conduct would have required registration in New Mexico." *Id.* To make this determination, New Mexico courts may consider "facts that were found by a jury beyond a reasonable doubt, or the equivalent." *Id.* ¶ 23.

**{4}**     Turning to the case at hand, Defendant was previously convicted of the crime of indecent behavior with juveniles in Louisiana in 2007. In 2021, the State charged Defendant with one count of failure to register as a sex offender, a fourth degree felony. *See* § 29-11A-4(P). Defendant filed a motion to dismiss, arguing as a matter of law that the State had not established that Defendant was previously convicted of an equivalent offense that would subject him to SORNA's registration requirements. *See State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329 (stating that the district court has authority to decide a purely legal issue raised in a motion by the defendant before trial). The State's written response to Defendant's motion to dismiss argued only that Defendant had previously pleaded guilty to another failure to register charge in a 2017 New Mexico case. The State attached as exhibits to its response Defendant's guilty plea and the judgment and sentence from the 2017 case.

**{5}**     At the evidentiary hearing on Defendant's motion, the State presented testimony from Catherine Garcia, the Special Programs Supervisor with the Department of Public Safety (DPS). Ms. Garcia testified generally regarding her duties, her training and experience, her familiarity with the process of determining whether an out-of-state conviction was equivalent in general (a process known as "translation"), and her work on Defendant's translation. Ms. Garcia stated that before charging Defendant with failure to register as a sex offender based on an out-of-state conviction, DPS first

considered whether the out-of-state conviction is equivalent to any New Mexico crime requiring registration. She testified that when making Defendant's translation, she reviewed the judgment and sentence, police report, and case law from Louisiana, though Ms. Garcia was not questioned about the substance of those documents, and they were not entered into evidence or made part of the record. Ms. Garcia also testified that her initial translation of Defendant's out-of-state conviction was that it was equivalent to criminal sexual contact of a minor in the second degree, but later downgraded the translation to criminal sexual contact in the fourth degree. *See* NMSA 1978, § 30-9-13(B), (D) (2003) (stating what conduct constitutes criminal sexual contact of a minor in the second and fourth degrees, respectively).

**{6}** At the conclusion of the hearing, the district court denied Defendant's motion to dismiss the case, orally ruling that Defendant's previous out-of-state conviction had been properly translated to a violation of New Mexico law. Defendant later entered into a conditional plea agreement that reserved his right to appeal the denial of his motion to dismiss.

## DISCUSSION

**{7}** On appeal, Defendant argues, and the State concedes, that the elements of the offenses are not the same; therefore, equivalency in this case turns on whether the conduct underlying Defendant's Louisiana conviction would constitute a violation of one of the twelve enumerated SORNA offenses. "What constitutes an equivalent offense under SORNA involves a question of statutory interpretation," which is an issue of law that we review de novo. *State v. Winn*, 2019-NMCA-011, ¶ 10, 435 P.3d 1247 (alteration, internal quotation marks, and citation omitted); *see also* UJI 14-991 NMRA use note 1 (indicating that threshold questions of law, such as whether the sex offense was a registerable offense, must be determined before the jury may be instructed on the elements of failure to register as a sex offender). Because we cannot state categorically that Defendant's out-of-state conviction is equivalent to a registrable offense based on a pure elements analysis, "the State must produce evidence to demonstrate that the offenses are equivalent." *See Hall*, 2013-NMSC-001, ¶ 28.

**{8}** Defendant argues the State failed to produce evidence showing that the conduct resulting in his out-of-state conviction would have resulted in a registerable offense in New Mexico, as required by *Hall*. The State responds that the district court "had before it the type of information" our Supreme Court directed trial courts to consider in *Hall*. The State points to Ms. Garcia's testimony, noting that "[s]he testified that the judgment and sentence, Louisiana case law, and a police report indicated that Defendant had committed an offense that would have been registrable in New Mexico if it had been committed here." The State concludes that the information reviewed by Ms. Garcia "is exactly the type of information *Hall* directs trial courts to consider."

**{9}** The problem in this case is that this information was never presented to the district court. While Ms. Garcia identified the documents she reviewed and gave her assessment of equivalency, *Hall* requires the district court to make that determination

based on evidence in the record establishing a factual basis for the out-of-state conviction. *See* 2013-NMSC-001, ¶ 22 ("A New Mexico court should consider the facts stated in such documents when determining whether the conduct underlying the [conviction] would have constituted a violation of one of the twelve enumerated SORNA offenses that require sex offender registration."). In this case, the district court was presented with nothing more than an unsubstantiated opinion regarding equivalency, and this is insufficient under *Hall*. *See Winn*, 2019-NMCA-011, ¶ 22 (stating that the district court erred in considering inadmissible hearsay evidence when determining the actual conduct underlying the defendant's out-of-state conviction).

**{10}** The State argues that its failure to present evidence in response to Defendant's *Foulenfont* motion was not fatal because it needed only to assert that such evidence is available and produce it at a later stage. The State appears to misunderstand that the issue of equivalency is a legal issue and that it was the State's burden to produce evidence to demonstrate that the offenses are equivalent. *See Hall*, 2013-NMSC-001, ¶¶ 9, 28. We recognize that in *Hall* and in *State v. Orr*, 2013-NMCA-069, 304 P.3d 449, the appellate courts determined that the record on appeal did not contain sufficient facts regarding the underlying conduct and remanded to the district court for further proceedings. *See Hall*, 2013-NMSC-001, ¶¶ 26, 28, 30; *Orr*, 2013-NMCA-069, ¶ 13. In both of those cases, however, the initial district court decisions were made before the Supreme Court set forth the framework for determining equivalency, and the state was given an opportunity on remand to present evidence based on the standard articulated in *Hall.* After *Hall*, we have held the state to its burden and have evaluated the district court's equivalency decision based on the evidence presented in response to the defendant's motion to dismiss. *See Winn*, 2019-NMCA-011, ¶¶ 24, 26 (reversing the district court's determination that the defendant's out-of-state conviction required registration pursuant to SORNA because the state's evidence failed to show that the defendant's actual conduct would have required registration had it occurred in New Mexico). It has been more than a decade since *Hall* established what is required to show equivalency in response to a defendant's pretrial motion to dismiss. Just as in *Winn*, our evaluation of the district court's equivalency determination is based on the record before the district court, and for the reasons set forth above, we conclude the State has not met its burden to demonstrate the offenses are equivalent.

**{11}** Finally, the State argues that the district court can be affirmed as right for any reason because Defendant previously pleaded guilty to failure to register as a sex offender in New Mexico. However, we must reject this argument for largely the same reason. The documents in the record before us consists of the plea agreement and the judgment and sentence entered in the 2017 case. Neither of these documents state what underlying offense Defendant committed that required him to register under SORNA, and the documents are silent as to the nature of Defendant's conduct underlying the offense. We cannot assume that the earlier failure to register charge was based on Defendant's Louisiana conviction, nor can we assume that a prior failure to register conviction means that Defendant is guilty of failing to register in this case. As Defendant points out, not all offenses require lifetime registration; some require registration only for ten years. *See* § 29-11A-4(L)(3). Without additional details

regarding the previous offense, Defendant's 2017 guilty plea is not conclusive in this case.

**CONCLUSION**

**{12}** The judgment and sentence is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.

**{13} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**